UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH OYLER, et al., | ) | CASE NO. 4:23-cv-1148 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| XPO LOGISTICS, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiffs' motion for leave to file an amended complaint. (Doc. No. 13.) According to plaintiffs, their amended complaint properly adds three defendants, all of whom are citizens of Ohio and previously unidentified (but referenced in the complaint as John Doe defendants ## 1-3), and each of whom destroys diversity subject-matter jurisdiction and requires the Court to remand the case. (*See id.* at 5.[1]) Defendants did not file a brief in opposition. For the reasons discussed herein, plaintiffs' motion for leave to file an amended complaint is GRANTED and the case is REMANDED.

I.    BACKGROUND

Plaintiffs originally filed this suit in the Trumbull County Court of Common Pleas on May 23, 2023. (Doc. No. 1 (Complaint).) In their complaint, plaintiffs allege that Kenneth Oyler was "repairing [a] damaged floor" when an "employee and/or agent [of defendants] operating a forklift

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

near [p]laintiff Kenneth[] [Oyler's] work zone" struck him. (*See id*. ¶¶ 24–25.) As a result of this collision, Mr. Olyer claims he has sustained injuries which are a "permanent and substantial deformity." (*Id*. ¶ 33.) The original complaint does not state what specific injuries Mr. Olyer suffered. (*See generally id*.) At the time the complaint was filed, plaintiffs did not know the identity of the individuals "involved with the operation and supervisions of the forklift that collided with . . . Kenneth Oyler[.]" (*See* Doc. No. 13, at 1.) Plaintiffs identified these unknown individuals as defendants "John Does ## 1-3[.]" (*Id*.)

Plaintiffs allege claims for: (1) negligence against the, then unknown, operator of the forklift; (2) negligence against defendant employers under a theory of respondeat superior; (3) negligent hiring, training, supervision, or retention; (4) premises liability; and (5) loss consortium due to this injury. (Doc. No. 1-1, ¶¶ 27–71.) Plaintiffs claim they just recently learned the identity of the forklift operator and other relevant employees. (*See* Doc. No. 13, at 3.) Plaintiffs now seek to amend their complaint to add these alleged employees as defendants. (*Id*. at 5.)

Plaintiffs filed their present motion for leave to amend their complaint on July 10, 2023. (Doc. No. 13.) Defendants did not file a response.

## II.    ANALYSIS

Plaintiffs now seek, unopposed, to add Luke McConnell, Darrin Cannon, and Robert Jornigan as defendants to replace "John Does ## 1-3[.]" (Doc. No. 13, at 1.) According to plaintiffs these three individuals are citizens of Ohio and relevant parties to this dispute. (*See* Doc. No. 13, at 3, 5.) Diversity subject-matter jurisdiction is generally determined when a case first arrives to federal court, *i.e.*, when the case is filed or when it is removed from state court. *See Curry v. United States Bulk Trans., Inc.*, 462 F. 3d 536, 540 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91, 93 & n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)). But, if "an amended complaint is filed to include

2

the identity of a previous[ly] unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *See id*. Relatedly, after an action is removed to federal court, if "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Federal courts have diversity subject-matter jurisdiction only when the parties are completely diverse. *See* 28 U.S.C. § 1332(a).

Here, complete diversity will be destroyed through the addition of the newly-identified defendants to replace the parties "John Does ## 1-3" referenced in the original complaint. At least two plaintiffs are citizens of Ohio. (*See* Doc. No. 1-1, ¶¶ 1–2.) All three of the new defendants are also citizens of Ohio. (*See* Doc. No. 13, at 5.) Thus, the addition of these new parties would destroy subject-matter jurisdiction and require remand pursuant to 28 U.S.C. § 1447(e). Good cause having been shown, the Court will permit plaintiffs to amend their complaint. Because the parties to the amended complaint are not completely diverse, the Court lacks subject-matter jurisdiction and will remand the action.

## III.   CONCLUSION

For the aforementioned reasons, plaintiffs' unopposed motion for leave to amend the complaint is GRANTED and the case is REMANDED to the Trumbull County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: August 8, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**

3